DOMINIC M. CAROLLO, OSB #093057
NOLAN G. SMITH, OSB #215034
Carollo Law Group LLC
Mail:   P.O. Box 2456
Roseburg, OR 97470
Office: 2315 Old Highway 99 South
Roseburg, OR 97471
Telephone: (541) 957-5900
Fax: (541) 957-5923
Email: dcarollo@carollolegal.com
Email: nsmith@carollolegal.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| AXILL SOLUTIONS, LLC, an Oregon limited liability company; LMENT CROP PROTECTION, LLC, an Oregon limited liability company;<br><br>    Plaintiffs,<br><br>        v.<br><br>OTTAWA PLANT FOOD, INC., an Illinois corporation,<br><br>    Defendant. | Case No.<br><br>**COMPLAINT** |

Plaintiffs Axill Solutions, LLC ("Axill") and LMENT Crop Protection, LLC ("LMENT") (collectively "Plaintiffs") bring the claims described below against Defendant Ottawa Plant Food, Inc., ("OPF"), and herby allege as follows:

1.      This case arises from OPF's failure to pay for more than $410,000 worth of products ordered by Defendant and delivered by Plaintiffs. Axill and OPF entered into a contract

PAGE 1 – COMPLAINT

in August, 2022, pursuant to which Axill agreed to deliver agricultural products at the prices and upon the terms established by Axill and in effect at the time of shipment ("the Contract"). Axill fully performed under the Contract, and OPF enjoyed the benefits of Axill's products. However, OPF failed to uphold its end of the bargain, consistently failing to pay for the products on time and in full, eventually accruing an outstanding balance that now stands at more than $410,000.

## THE PARTIES

2. Plaintiff Axill Solutions, LLC and Plaintiff LMENT Crop Protection, LLC (previously named LMENT, LLC), are Oregon limited liability companies with their principal place of business in Roseburg, Oregon. LMENT is the sole member of Axill Solutions, LLC. Axill acts as the registrant and owner of a brand of products and LMENT acts as the selling agent for Axill's products.

3. Defendant Ottawa Plant Food, Inc., is an Illinois corporation with its principal place of business in Ottawa, Illinois.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of attorneys' fees.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Pursuant to the Contract, the substantive laws of the State of Oregon govern.

## FACTUAL BACKGROUND

7. Axill is a family-owned post patent crop protection manufacturer that specializes in herbicides, fungicides, and plant growth regulators.

8. In 2022, Axill and OPF discussed OPF's desire to obtain Axill's products, for distribution to OPF's customers. Axill offered to sell and ship its products to OPF according to the prices described in the "Price Sheet" provided to OPF, or at prices otherwise disclosed.

9. On August 5, 2022, Axill sent a "distributor agreement" to OPF. Pursuant to the agreement, Axill agreed to provide and ship agricultural products and OPF agreed to pay for those products. OPF never returned the agreement, but enjoyed all the benefits of a distributor of Axill's products.

10. Pursuant to the distributor agreement between Axill and OPF, OPF would contact Axill to order agricultural products. Axill would disclose the price and terms for OPF's purchase of said products. OPF would then order, and Axill would ship, agricultural products at agreed-upon prices and terms. Following each shipment, Axill would provide an invoice describing the amount OPF owed, and the date payment was due.

11. Axill and OPF enjoyed the benefits of the distributor agreement since August 5, 2022.

12. In 2024, OPF continued ordering products from Axill.

13. In or around September of 2024, OPF ordered, and Axill shipped, 4,240 units of Glufosinate 280SL at a rate of $14.00. Axill sent OPF an invoice in the amount of $59,360.00, with a due date of November 18, 2024.

14. In or around October, 2024, OPF ordered, and Axill shipped, 8,480 units of Glufosinate 280SL at a rate of $14.25. Axill sent OPF an invoice in the amount of $120,840.00, with a due date of November 30, 2024.

15. In or around October, 2024, OPF ordered, and Axill shipped, 1,060 units of Clethodim 2EC in a 265 gallon tote at a rate of $20.00 per unit, and 720 units of Clethodim 2EC

in a 2x2.5 gallon case at a rate of $21.10 per unit. Axill sent OPF an invoice in the amount of $36,392.00, with a due date of October 14, 2024.

16. In or around October, 2024, OPF ordered, and Axill shipped, another 4,240 units of Glufosinate 280SL at a rate of $14.25. Axill sent OPF an invoice in the amount of $60,420.00, with a due date of December 9, 2024.

17. In or around October, 2024, OPF ordered, and Axill shipped, 4,240 units of Paraquat 3SL at a rate of $13.75 per unit. Axill sent OPF an invoice in the amount of $58,300.00, with a due date of December 15, 2024.

18. In or around October, 2024, OPF ordered, and Axill shipped, another 4,240 units of Glufosinate 280SL at a rate of $14.25. Axill sent OPF an invoice in the amount of $60,420.00, with a due date of December 15, 2024.

19. In or around October, 2024, OPF ordered, and Axill shipped, 720 units of Clethodim 2EC in a 2x2.5 gallon case at a rate of $21.75 per unit. Axill sent OPF an invoice in the amount of $15,660.00, with a due date of November 20, 2024.

20. OPF received each of the above-described shipments as ordered. For each of the above-described shipments, OPF ordered products pursuant to its distributor agreement with Axill, agreed to pay the price of the product as described in the invoices, and Axill agreed to ship the product as-ordered.

21. Plaintiffs mailed the invoices for each shipment of products. Each invoice contained the invoice number, invoice date, due date, description of product, and amount owed. The invoices that Plaintiff mailed to OPF were as follows:

| INVOICE NUMBER | INVOICE DATE | DUE DATE | AMOUNT |
| --- | --- | --- | --- |
| 1742 | 9/19/2024 | 11/18/2024 | $59,360.00 |
| 1765 | 10/1/2024 | 11/30/2024 | $120,840.00 |

| | | | |
|---|---|---|---|
| 1771 | 10/4/2024 | 10/14/2024 | $36,392.00 |
| 1786 | 10/10/2024 | 12/9/2024 | $60,420.00 |
| 1792 | 10/16/2024 | 12/15/2024 | $58,300.00 |
| 1797 | 10/16/2024 | 12/15/2024 | $60,420.00 |
| 1809 | 10/21/2024 | 11/20/2024 | $15,660.00 |

12.  OPF has failed to remit payment for each of these invoices. Axill has requested payment from OPF multiples times, but the unpaid balance of $411,392.00 remains outstanding.

## COUNT I
## (BREACH OF CONTRACT)

14.  Plaintiffs restate and re-allege the allegations contained in the preceding paragraphs as if set forth fully herein.

15.  Axill and OPF entered into a binding and enforceable contract on or around August 5, 2022, wherein Axill agreed to provide agricultural products to OPF at prices agreed to at the date of purchase, Axill agreed to ship products to OPF, and OPF agreed to pay for said products according to invoices sent by mail following the shipment of products. Additionally, each order of product from OPF, and shipment from Axill, has also created a contract. Axill has fully performed its obligations pursuant to the Contract or contracts.

16.  OPF breached the Contract or contracts by failing to fully and timely pay Plaintiffs for the products within the time specified in the invoices that were provided.

17.   As a result of OPF's breach, Plaintiffs have suffered damages in an amount to be proven at trial, but which is well in excess of $75,000.

## COUNT II
## (UNJUST ENRICHMENT)

18.  Plaintiffs restate and re-allege the allegations contained in the preceding paragraphs as if set forth fully herein.

19. As detailed above, OPF obtained the benefit of Axill's products for around two months, but failed to pay for more than $410,000 of the products enjoyed. Axill understands that OPF distributed Axill's products to customers, retaining any moneys received without remitting payment to Axill.

20. OPF agreed to make the required payments, but failed to do so.

21. OPF has been unjustly enriched in an amount in excess of $75,000 by using Axill's products without paying for them, and the interests of justice would be served by requiring OPF to fulfill its promises to pay.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request entry of judgment awarding the following relief:

A. Judgment against Defendant and in favor of Plaintiffs for breach of the Contract and awarding Plaintiffs all their damages, in an amount not less than $411,392.00, plus pre-judgment and post-judgment interest;

B. Alternatively, judgment against Defendant and in favor of Plaintiffs for unjust enrichment and awarding Plaintiffs all of their damages, in an amount not less than $411,392.00, plus pre-judgment and post-judgment interest;

C. An award of Plaintiffs eligible costs and disbursements; and

D. Such other and further relief as the Court deems just.

Respectfully submitted this 31st day of January, 2025.

*s/Dominic M. Carollo*
DOMINIC M. CAROLLO, OSB #093057
NOLAN G. SMITH, OSB #215034
Carollo Law Group LLC
Mail:    P.O. Box 2456
Roseburg, OR 97470
Office: 2315 Old Highway 99 South

Roseburg, OR 97471
Telephone: (541) 957-5900
Fax: (541) 957-5923
Email: dcarollo@carollolegal.com
Email: nsmith@carollolegal.com
*Attorneys for Plaintiffs*

PAGE 7 – COMPLAINT